IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA WILLIAM JACKSON, | ) | |
| ID # 54191-177, | ) | |
| Petitioner, | ) | |
| | ) | **No. 3:22-CV-2748-L-BH** |
| vs. | ) | **No. 3:16-CR-196-L(1)** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge[1]** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Based on the relevant filings and applicable law, *Defendant Jackson's Petition for Writ of Audita Querela or in* [sic] *Alternative Motion under the All Writs Act 28 USC §1651 to Vacate Judgement* [sic] *Order*, received on December 6, 2022 (doc. 3), should be construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct a federal sentence and **DISMISSED**.

## I.     BACKGROUND

Joshua William Jackson (Petitioner) pled guilty under a plea agreement to use of a facility of interstate commerce in aid of racketeering enterprise in violation of 18 U.S.C. § 1952(a)(3) and (A), illegal receipt of a firearm by a person under indictment in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D), and cyberstalking in violation of 18 U.S.C. §§ 2261A(2) and (b)(5). (*See* No. 3:16-CR-196-L(1), docs. 53, 57, 60.)[2] By judgment dated August 17, 2017, he was sentenced to a total term of 156 months' imprisonment, to be followed by a three-year term of supervised release. (*See id.*, doc. 111 at 2–3.) On September 21, 2018, the United States Court of Appeals for the Fifth

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in this civil action, 3:22-CV-2748-L-BH.

Circuit (Fifth Circuit) affirmed the judgment on direct appeal. *See United States v. Jackson*, 741 F. App'x 225, 227 (5th Cir. 2018). He did not file a petition for a writ of certiorari with the Supreme Court.

Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on July 11, 2019, and it was dismissed with prejudice on May 31, 2021. (*See* No. 3:19-CV-1664-L-BH, docs. 2, 60–61.) The Fifth Circuit denied a certificate of appealability on December 16, 2021. (*See id.*, docs. 66–67.)[3]

On April 5, 2022, Petitioner filed a motion seeking to vacate his criminal judgment under various writs. (*See* No. 3:22-CV-778-L-BH, doc. 3.) Because he was challenging the legality of his conviction and sentence in the underlying criminal case, the motion was construed as a successive motion within the meaning of § 2255 and transferred to the Fifth Circuit for authorization to file a second or successive § 2255 motion. (*See id.*, docs. 4–5.) In the Fifth Circuit, Petitioner sought authorization to challenge his conviction under 18 U.S.C. § 922(n) as unconstitutional based on the Supreme Court's decision in *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022). *See Application for Leave to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence 28 U.S.C. § 2255 by a Prisoner in Federal Custody* at 5, *In re Jackson*, No. 22-10532 (5th Cir. Oct. 5, 2022) (doc. 10). On October 24, 2022, the Fifth Circuit denied Petitioner's motion for authorization to file a successive § 2255 motion.[4] (*See* No.

---

[3] Petitioner also filed several motions for a reduction of sentence under 18 U.S.C. § 3582(c), none of which have been granted. (*See* No. 3:16-CR-196-L(1), docs. 162, 174, 189, 192, 202, 205, 210–12, 217, 221, 239.)

[4] While his motion for authorization was pending in the Fifth Circuit, Petitioner filed an addendum to his September 7, 2022 motion under § 3582(c)(1)(A) in the underlying criminal case, seeking to add his claim that his § 922(n) conviction was unconstitutional following the Supreme Court's decision in *Bruen*. (*See* No. 3:16-CR-196-L(1), doc. 239 at 1.) On November 9, 2022, the Court denied Petitioner's § 3582(c)(1)(A) motion and addendum and barred him from filing any additional motions to reduce sentence without first obtaining approval from the Court. (*See id.*, doc. 242 at 2–3.) The Fifth Circuit affirmed the Court's order and imposition of sanctions. *See United States v. Jackson*, No. 22-11151, 2023 WL 2759060, at *1 (5th Cir. Apr. 3, 2023).

3:22-CV-778-L-BH, doc. 8.)

Petitioner next filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 which raised his *Bruen* claim. (*See* No. 3:22-CV-2421-L-BH, docs. 1–2.) The Court concluded that Petitioner's motion was an unauthorized second or successive § 2255 motion, declined to transfer the motion to the Fifth Circuit, and dismissed the action without prejudice for lack of jurisdiction. (*See id*., docs. 5–6.)

Petitioner now seeks to vacate the criminal judgment through a petition for writ of *audita querela*.

## II.    JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

### A.    *Audita Querela*

"The writ of *audita querela* permits a defendant to obtain relief against a judgment because of some legal defense arising after the judgment." *United States v. Banda*, 1 F.3d 354, 356 (5th Cir. 1993), *abrogated in part on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). It "can only be applied to rectify a judgment which, though correct when rendered, has since become infirm." *United States v. Miller*, 599 F.3d 484, 490 (5th Cir. 2010). As noted in *Banda* and restated in *Miller*, however, "[i]t is an open question whether the … writ survives as a post-conviction

3

remedy." *Banda*, 1 F.3d at 356; *see also Miller*, 599 F.3d at 488 ("the writ of *audita querela might* also survive in criminal adjudications, if there is a gap for it to fill.") (emphasis in original). Even if the writ survives, it is available only "where there is a legal objection to a judgment which has arisen subsequent to that judgment." *Miller*, 599 F.3d at 488. "Purely equitable grounds for relief do not justify the issuance of a writ of *audita querela*." *Id*. In addition, "the writ is only available where the legal objection raised cannot be brought pursuant to any other post-conviction remedy." *Id*.

Petitioner challenged his conviction based on the Supreme Court's decision in *Bruen*. To the extent that *Bruen* may provide a defense that was unavailable when the judgment was entered, Petitioner has already unsuccessfully raised his *Bruen* claim three times in post-conviction proceedings. First, he unsuccessfully sought authorization to file a second or successive § 2255 motion in the Fifth Circuit based on *Bruen*. *See In re Jackson*, No. 22-10532 (5th Cir. Oct. 24, 2022). Next, he filed an unauthorized successive § 2255 motion which was dismissed by the Court. (*See* No. 3:22-CV-2421-L-BH, docs. 1–2, 5–6.) The same day he filed his unauthorized successive § 2255 motion, he also filed an addendum to one of his pending motions under § 3582(c)(1)(A) where he raised his *Bruen* claim. (*See* No. 3:16-CR-196-L(1), doc. 239.) The Court denied his motion and addendum, and it barred him from filing any further § 3582(c)(1)(A) motions without prior court permission. (*See id*., doc. 242.)

That his *Bruen* claims have been unsuccessful does not render his post-conviction remedies unavailable. *See Miller*, 599 F.3d at 488; *United States v. Schanck*, 774 F. App'x 239, 239 (5th Cir. 2019) ("The fact that a movant cannot meet the requirements of § 2255 does not render the § 2255 remedy unavailable.") (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) (per curiam)); *Lopez v. United States*, No. 4:18cv252, 2018 WL 9371563, at *2 (E.D. Tex. Jun. 7, 2018)

("Although Petitioner argues a § 2255 motion would be untimely and the issues he raises are not cognizable under § 2255, case law makes it clear that simply because Petitioner may not ultimately prevail does not allow him to circumvent the § 2255 motion.").  Because other post-conviction avenues are available to him, and he has pursued them in several post-conviction proceedings, the writ of *audita querela* is unavailable to him on this basis.  *See Miller*, 599 F.3d at 488.

**B.      Successive § 2255 Motion**

Because Petitioner challenges the legality of his conviction and sentence, the petition is properly construed as a § 2255 motion to vacate, set aside, or correct a federal sentence. *See Tolliver*, 211 F.3d at 877–78 (holding that § 2255 provides the primary means of collaterally attacking a federal conviction and sentence and relief is reserved for errors that occurred at trial or sentencing).

As noted, Petitioner previously filed three § 2255 motions. A subsequent § 2255 motion to vacate is considered second or successive when it: "1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier [motion to vacate]; or 2) otherwise constitutes an abuse of the writ." *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Under *Orozco-Ramirez*, Petitioner was required to present all available claims related to his conviction or sentence in his first motion to vacate. This "'requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court.'" *Id*. at 870–71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

When a motion to vacate is second or successive, the movant must seek an order from the Fifth Circuit that authorizes this Court to consider it. *See* 28 U.S.C. § 2244(b)(3)(A) (made

applicable to motions to vacate by § 2255). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C); *see also* 28 U.S.C. § 2255(h). To present a claim in a second or successive § 2255 application that was not presented in a prior application, the application must show that it is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive § 2255 motion, this Court lacks jurisdiction to consider Petitioner's successive § 2255 motion, and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, based on Petitioner's prior and repetitive filings raising grounds for relief already rejected by the Fifth Circuit, the motion should be dismissed for lack of jurisdiction rather than transferred. (*See, e.g.*, No. 3:22-CV-2421-L-BH, docs. 5–6 (declining to transfer the unauthorized § 2255 motion to the Fifth Circuit and dismissing the case without prejudice)).

### III.    RECOMMENDATION

*Defendant Jackson's Petition for Writ of Audita Querela or in* [sic] *Alternative Motion under the All Writs Act 28 USC §1651 to Vacate Judgement* [sic] *Order*, received on December 6, 2022 (doc. 3), should be construed as a successive 28 U.S.C. § 2255 motion to vacate, set aside,

or correct a federal sentence and **DISMISSED**.

  **SIGNED this 24th day of April, 2023.**


                _Irma Carrillo Ramirez_
                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


                _Irma Carrillo Ramirez_
                IRMA CARRILLO RAMIREZ
                UNITED STATES MAGISTRATE JUDGE