IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JOSHUA WILLIAM JACKSON,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | Civil Action No. **3:22-CV-2748-L-BH** |
| | § | Criminal No. 3:16-CR-196-L-1 |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

On April 24, 2023, the Findings, Conclusions and Recommendation of the United States

Magistrate Judge (Doc. 4) was entered, recommending that the court construe as a successive

Section 2255 motion and dismiss without prejudice Movant Joshua Jackson's ("Movant") Petition

for Writ of Audita Querela or in [sic] Alternative Motion under the All Writs Act 28 USC § 1651

to Vacate Judgement [sic] Order ("Petition") (Doc. 3).[1] The Report notes that Movant previously

filed three Section 2255 motions challenging his conviction on identical grounds, and those

arguments were rejected by both this court and the Fifth Circuit. Doc. 3 at 2-3 ("To the extent that

*Bruen* [*New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022)] may provide a

defense that was unavailable when the judgment was entered, [Movant] has already unsuccessfully

raised his *Bruen* claim three times in post-conviction proceedings."). Now, he brings these same

arguments in a different procedural medium, a petition for writ of *audita querela*. *Id*. at 3.

The Report recommends that the court dismiss the Petition without prejudice because the

writ of *audita querela* is not proper when other post-conviction remedies are available. *Id*. at 5.

The Report further notes that because Movant has previously challenged his conviction, the

---

[1] Before the court ruled on the pending Report, Movant filed a Notice of Interlocutory Appeal (Doc. 8), appealing the Report's recommendations with the same arguments that he presents in his Objections here.

**Order – Page 1**

Petition is properly construed as a successive Section 2255 motion and thus dismissed for failure to obtain a Fifth Circuit order authorizing the successive Section 2255 motion. *Id*. Movant filed his objections to the Report on May 19, 2023, after first seeking and receiving an extension of time to do so. *See* Docs. 5, 6.

Movant first objects to the Report's recommendation to reclassify his writ as a successive Section 2255 motion. Doc. 7 at 1. He argues that his request is not successive because he brings a new legal argument to challenge his conviction under 18 U.S.C. § 922(n). Doc. 7 at 1. He points to a district court case, *United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 WL 4352482, at *1 (W.D. Tex. Sept. 19, 2022), which held that Section 922(n) was facially unconstitutional under the new test established in *Bruen*. *Id.* He asserts that *Quiroz* creates new legal grounds that render his original conviction constitutionally infirm. *Id*. at 2. Movant contends that the Petition is not successive because the Fifth Circuit denied his previous request for a successive Section 2255 motion without considering the merits of his legal argument. *Id.*

Contrary to Movant's assertion, *Quiroz* does not present new legal authority for the court to reject the Report's recommendation. First, a district court case is not controlling precedent on this court, and the Fifth Circuit has not yet issued an opinion on *Quiroz*, now before it on appeal. Because the Fifth Circuit has not issued a ruling on the constitutionality of Section 922(n) under the *Bruen* test, there is not a new, controlling legal precedent for Movant to argue this court should apply. Second, *Quiroz* does not address post-conviction relief. *Quiroz* and similar cases address the constitutionality of Section 922(n) in the context of a motion to dismiss an indictment, before the defendant was convicted. Although sister courts have agreed with the *Quiroz* district court's reasoning and conclusion, none has applied it in actions seeking post-conviction relief, such as Movant seeks here. *See United States v. Hicks*, No. W:21-CR-00060-ADA, 2023 WL 164170, at

Order – Page 2

*1 (W.D. Tex. Jan. 9, 2023) (finding—in express agreement with *Quiroz*—that Section 922(n) is facially unconstitutional).

Further, Movant presented his constitutionality argument to the Fifth Circuit in his last motion for habeas relief. Movant argued that Section 922(n) as applied to him was unconstitutional when he sought authorization to challenge his conviction on Count Two as unconstitutional based on *Bruen*. The Fifth Circuit denied his request. As Movant concedes, the Supreme Court did not make *Bruen* retroactive, and therefore he cannot seek postconviction relief under that new constitutional test. In sum, Movant has not pointed to any change in controlling or precedential law that allows the court to retroactively find Section 922(n) unconstitutional as applied. According, the court **overrules** his first objection.

Next, Movant objects to the Report's finding that a writ for *audita querela* is procedurally inappropriate, arguing that the writ, as an avenue to obtain relief from a judgment due to a new legal defense, is exactly applicable to his circumstance. Doc. 7 at 2. He contends that his "only legal option based on merit due to his new infirm conviction would Audita Querela" because he cannot file a successive habeas action making an argument using *Quiroz* because he made a similar argument under *Bruen* in his previous motion. *Id.*

Movant again fails to set forth any legal or factual errors in the Report. The Report correctly advises that because Movant may seek permission from the Fifth Circuit to file a successive Section 2255 motion, he has not exhausted all possible avenues for relief, and thus, a writ of *audita querela* is not permissible. Thus, Movant fails to present new legal authority or point to errors in fact or law in the Report. Accordingly, the court **overrules** his second objection.

Finally, the Report recommends that the court dismiss this action without prejudice. A court may either dismiss a successive habeas motion for lack of jurisdiction or transfer the motion

Order – Page 3

to the Fifth Circuit. *In re Hertzog*, 444 F. App'x 63, 65 (5th Cir. 2011) (per curiam). The court

agrees that dismissal is appropriate here because (1) the Fifth Circuit rejected Movant's prior

habeas motion that made the same constitutional argument under *Bruen* and (2) Movant's

argument under *Quiroz* is premature, as the Fifth Circuit has not yet issued its opinion.

Accordingly, having reviewed the Petition for Writ of *Audita Querela* (Doc. 3), the file,

record, and Report, and having conducted a *de novo* review of the portions of the Report to which

objections were made, the court determines that the findings and conclusions of the magistrate

judge are correct, and **accepts** them as those of the court. The court **dismisses without prejudice**

this action for lack of jurisdiction. Movant may not use a petition for writ of *audita querela* when

other post-conviction remedies are available to him, regardless of his previous failures to obtain

relief through those remedies. If Movant would like to file a successive habeas application, he

must first file a motion with the Fifth Circuit to obtain authorization.

Further, considering the record in this case and pursuant to Federal Rule of Appellate

Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C.

§ 2253(c), the court **denies** a certificate of appealability.[2] The court determines that Movant has

failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional

claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)      Certificate of Appealability. The district court must issue or deny a certificate of
> appealability when it enters a final order adverse to the applicant. Before entering the final order,
> the court may direct the parties to submit arguments on whether a certificate should issue. If the
> court issues a certificate, the court must state the specific issue or issues that satisfy the showing
> required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the
> denial but may seek a certificate from the court of appeals under Federal Rule of Appellate
> Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

> (b)      Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to
> appeal an order entered under these rules. A timely notice of appeal must be filed even if the district
> court issues a certificate of appealability.

petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed in this case. In the event that Movant files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

       **It is so ordered** this 12th day of July, 2023.

                                       Sam A. Lindsay
                                       United States District Judge